**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| SHENZHEN KELAISIMAN TRADING CO., LTD.,<br>*Plaintiff*,<br>v.<br>HYPERICE IP SUBCO, LLC,<br>*Defendant*. | **Case No. 2:26-cv-3686**<br>**Complaint For Declaratory Judgment**<br>**Jury Trial Demand** |

**COMPLAINT**

Plaintiff Shenzhen Kelaisiman Trading Co., Ltd. ("Plaintiff"), by and through its undersigned counsel, brings this action against Defendant Hyperice IP Subco, LLC ("Hyperice" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Act, 35 U.S.C. § 1 et seq., for a declaration that Plaintiff's percussion massagers sold on Amazon.com under ASINs B0BJDL4HJN and B08TLWYKLS (collectively, the "Accused Products") do not infringe any presently enforceable claim of U.S. Patent No. 11,938,082 (the


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

"'082 Patent"), either literally or under the doctrine of equivalents, and that one or more claims of the '082 Patent, including claim 7, are invalid.

2. On September 10, 2026, Amazon notified Plaintiff that Hyperice had accused ASINs B0BJDL4HJN and B08TLWYKLS of infringing U.S. Patent No. 11,938,082 through Amazon's Patent Evaluation Express ("APEX") process. Hyperice's executed Patent Owner APEX Agreement identifies claim 7 as the specific claim submitted for evaluation. Amazon stated that, absent a timely resolution, participation in APEX, or a qualifying federal lawsuit, Amazon would remove the identified listings and any materially identical variants. A true and correct copy of Hyperice's executed Patent Owner APEX Agreement, together with the applicable Amazon Patent Evaluation Express Procedure, is attached as **Exhibit A**.

3. The Accused Products do not use a massaging-head interface configured for insertion or removal while the piston is reciprocating. Instead, each Accused Product uses a mechanical interference-fit connection in which an elastic fit ring on the massaging-head shaft is retained within the piston's bore by radial interference and friction. The interface requires deliberate axial force to engage or disengage the massaging head and is not specially designed or adapted for controlled insertion or removal during piston reciprocation.

4. An actual and immediate controversy therefore exists concerning whether Plaintiff's sale and offer for sale of the Accused Products infringe the '082 Patent and whether one or more claims of the '082 Patent are valid.

## <u>THE PARTIES</u>

5. Plaintiff Shenzhen Kelaisiman Trading Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business at Rooms 1306–1307, Zhenqian Building, No. 80 Longhua Industrial Road, Yousong Community, Longhua Subdistrict,


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

Longhua District, Shenzhen, Guangdong, China. Plaintiff operates the Amazon seller account associated with the storefront name "Olsky us" (Seller ID: A3U57NIFYYWPS9) and sells the Accused Products to consumers in the United States.

6. Upon information and belief, Defendant Hyperice IP Subco, LLC is a Delaware limited liability company. In the APEX Agreement at issue, Hyperice identified its physical address as 525 Technology Drive, Suite 100, Irvine, California 92618, represented that it owns or has the right to enforce the '082 Patent, and identified itself as a wholly owned subsidiary of Hyper Ice, Inc.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202.

8. This Court has personal jurisdiction over Hyperice because Hyperice has purposefully and repeatedly invoked Amazon's patent-enforcement mechanisms, including the APEX procedure at issue here. Hyperice intentionally executed and submitted the Patent Owner APEX Agreement asserting the '082 Patent against Plaintiff's specifically identified Amazon listings, thereby initiating the enforcement process that gave rise to this action. Upon information and belief, Hyperice has repeatedly utilized Amazon's APEX and related patent-enforcement procedures to enforce its patent portfolio against third-party Amazon sellers and has repeatedly executed Patent Owner APEX Agreements containing provisions that select Washington law and identify the federal and state courts located in King County, Washington.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff's claims arise from Hyperice's invocation of Amazon's APEX patent-enforcement process and the

resulting proceeding involving Amazon. Hyperice's repeated and deliberate use of that enforcement framework, including its execution and submission of the APEX Agreement giving rise to this action, provides a substantial connection between the present controversy and this District.

## ACTUAL CASE OR CONTROVERSY

10. On September 9, 2026, Brian G. Arnold, Hyperice's Associate General Counsel and Head of Intellectual Property, executed the Patent Owner APEX Agreement identifying U.S. Patent No. 11,938,082, claim 7, and multiple accused ASINs, including Plaintiff's ASINs B0BJDL4HJN and B08TLWYKLS. *See* Ex. A.

11. The following day, Amazon notified Plaintiff of Hyperice's assertion and advised Plaintiff that it could, among other options, resolve the dispute with Hyperice or provide Amazon with a complaint filed in a federal district court seeking declaratory relief concerning the asserted patent. Under the applicable APEX Procedure, a Seller is given three weeks to elect whether to participate, and if a Seller does not participate, Amazon intends to remove the accused listings and materially identical variants. *See* Ex. A.

12. Hyperice's APEX submission is a concrete accusation that specifically identified products infringes a specifically identified patent claim and carries direct commercial consequences for Plaintiff's Amazon listings. The dispute is therefore definite and immediate, not hypothetical or contingent.

## THE '082 PATENT

13. The '082 Patent, titled "Massage Device Having Variable Stroke Length," issued on March 26, 2024. A copy is attached as **Exhibit B**. Hyperice's APEX submission identifies claim 7 as the claim asserted against ASINs B0BJDL4HJN and B08TLWYKLS. See Ex. A.


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

14. Claim 7 depends from claim 1 and adds a flywheel-and-crank-pin drive-mechanism limitation. Claim 7 recites:

> 7. The percussive massager of claim 1, wherein the motor has an output shaft configured to rotate about a rotation axis, and wherein the drive mechanism comprises:
> a flywheel operatively connected to the output shaft of the motor to rotate about a flywheel axis, the output shaft extending into the flywheel along the flywheel axis; and
> a crank pin extending from the flywheel, the crank pin being operatively connected to the piston.

15. Because claim 7 depends from claim 1, it incorporates every limitation of claim 1, including the following limitation:

> a quick-connect system comprising the distal end of the piston and a first massaging head, wherein the quick-connect system is configured to have a proximal end of the first massaging head inserted into or removed from the bore while the piston reciprocates the predetermined stroke length at the first speed.

16. The final limitation quoted above is referred to herein as the "Quick-Connect Limitation." It requires the quick-connect system to be configured for insertion or removal of the massaging head from the bore while the piston is reciprocating at the recited speed and stroke length.

17. Claims 2 through 16 depend directly or indirectly from claim 1 and therefore incorporate the Quick-Connect Limitation. Claim 17 has been statutorily disclaimed. Independent claim 18 likewise recites a materially similar requirement directed to insertion or removal of a massaging head from the piston bore while the piston is reciprocating. Claim 7 is discussed in particular detail because it is the claim Hyperice expressly selected for the APEX evaluation.

18. The specification illustrates that functionality with a quick-connect arrangement in which a magnet seated within the piston's bore attracts a mating magnet in the massaging-head


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

shaft. The specification explains that the magnets are selected to retain the head during normal use while permitting quick removal and replacement, and further describes a rounded, pointed, or tapered head end that can slip into the bore opening even while the piston is moving. *See* Ex. B, 6:47-7:19.

19. The same Quick-Connect Limitation was construed by the Patent Trial and Appeal Board in *Therabody, Inc. v. Hyperice IP Subco, LLC*, PGR2025-00013. In its May 11, 2026 Final Written Decision, the Board adopted the construction proposed by Therabody in the related district court litigation, under which the claimed structures must be "specially designed and adapted to quickly and easily connect or disconnect by the proximal end being inserted or removed from the bore regardless of rotational alignment while the piston reciprocates the predetermined stroke length at the first speed, not merely capable of doing so." *See* **Exhibit C**, PGR2025-00013, Paper 40, at 10–11. The Final Written Decision is currently on appeal to the Federal Circuit. *See Therabody, Inc. v. Hyperice IP Subco, LLC*, No. 26-1950 (Fed. Cir. filed June 17, 2026).

## THE ACCUSED PRODUCTS

20. The Accused Products are hand-held percussion massagers sold by Plaintiff on Amazon.com under ASINs B0BJDL4HJN and B08TLWYKLS. Each Accused Product uses a massaging-head retention interface consisting of an elastic fit ring positioned on the massaging-head shaft that engages the piston bore through radial interference and friction.

21. Under the applicable APEX Procedure, materially identical variants may also be subject to removal. Plaintiff's present non-infringement allegations concern the Accused Products sold under ASINs B0BJDL4HJN and B08TLWYKLS, the products specifically identified in Hyperice's APEX assertion.


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

22. The Accused Products do not employ a magnetic retention system or other low-force coupling within the piston bore. Instead, retention depends on the mechanical interference created when the elastic fit ring is pressed into the bore. Installing the massaging head requires the user to grip and stabilize the head while applying deliberate axial force sufficient to overcome the interference between the elastic fit ring and the piston bore. Removal likewise requires deliberate pull-out force sufficient to overcome the same frictional retention.

23. That mechanical interface is not specially designed or adapted for controlled insertion or removal while the piston is reciprocating through its predetermined stroke at operating speed. Rather, the interface is designed for attachment changes to be performed with the motor stopped so that the massaging-head shaft can be aligned with, inserted into, or withdrawn from the piston bore under controlled manual force.

24. The Accused Products therefore do not satisfy the Quick-Connect Limitation of claim 1, which requires a system configured to permit insertion or removal of the massaging head while the piston is reciprocating. Nor do the Accused Products satisfy that limitation under the construction adopted by the Board in PGR2025-00013, because each Accused Product's interference-fit connection is not specially designed and adapted for quick and easy connection or disconnection during piston reciprocation.

**25.** Because claim 7 depends from claim 1 and incorporates the Quick-Connect Limitation, Plaintiff's sale and offer for sale of the Accused Products do not literally infringe claim 7.

26. The same deficiency defeats infringement of claims 1 through 16. Claim 1 expressly contains the Quick-Connect Limitation, and claims 2 through 16 depend directly or indirectly from claim 1 and therefore incorporate that limitation. Claim 17 has been statutorily disclaimed.


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

27. The Accused Products likewise do not infringe under the doctrine of equivalents. A conventional friction-based interference fit that requires deliberate mechanical force to engage and disengage, and that is designed to be changed with the motor stopped, is not an insubstantial variation of a coupling specially designed and adapted for insertion or removal while the piston is reciprocating. Treating the two as equivalent would effectively eliminate the express during-reciprocation requirement from the claims.

28. Independent claim 18 separately recites a materially similar requirement directed to insertion or removal of a massaging head from the piston bore while the piston is reciprocating. The Accused Products' interference-fit interface is not configured to satisfy that requirement. Claim 18 is a method claim, and Plaintiff's sale or offer for sale of the Accused Products does not itself perform all steps of the claimed method. Further, because the Accused Products lack the recited during-reciprocation configuration, there is no underlying direct infringement based on the accused retention interface on which indirect infringement could be predicated.

**COUNT I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '082 PATENT)**

29. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

30. An actual, substantial, and immediate controversy exists between Plaintiff and Hyperice concerning whether Plaintiff's sale and offer for sale of the Accused Products infringe the '082 Patent. Hyperice accused the Accused Products of infringing the '082 Patent through Amazon's APEX process and selected claim 7 for evaluation. Plaintiff has addressed claim 7 in particular detail because it is the claim Hyperice specifically selected for the APEX proceeding.


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

31. Claim 7 depends from claim 1 and therefore incorporates every limitation of claim 1, including the Quick-Connect Limitation. Claims 2 through 16 likewise depend directly or indirectly from claim 1 and incorporate that limitation. Claim 17 has been statutorily disclaimed. Independent claim 18 separately recites a materially similar requirement that the proximal end of the massaging head be configured for insertion into or removal from the bore while the piston reciprocates.

32. The Accused Products' friction-based interference-fit interface is not specially designed or adapted for insertion or removal while the piston is reciprocating and therefore does not satisfy the Quick-Connect Limitation or the materially similar during-reciprocation insertion-or-removal limitation of claim 18. Accordingly, Plaintiff's sale and offer for sale of the Accused Products do not infringe any presently enforceable claim of the '082 Patent, either literally or under the doctrine of equivalents.

33. Plaintiff's reliance on the foregoing limitations as independently dispositive of non-infringement does not constitute an admission that the Accused Products satisfy any other limitation of any claim of the '082 Patent.

34. Plaintiff is entitled to a declaration that Plaintiff's sale and offer for sale of the Accused Products do not infringe any presently enforceable claim of the '082 Patent.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '082 PATENT (28 U.S.C. §§ 2201-2202; 35 U.S.C. § 103)

35. Plaintiff incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

36. An actual, substantial, and immediate controversy exists concerning the validity of one or more claims of the '082 Patent, including claim 7. Hyperice has asserted the '082 Patent


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

against Plaintiff's Accused Products through Amazon's APEX process and selected claim 7 for evaluation.

37. Each prior-art reference identified below predates July 1, 2013, the earliest priority date identified on the face of the '082 Patent, and therefore constitutes prior art regardless of whether the challenged claims are ultimately entitled to that asserted priority date.

38. Mabuchi, U.S. Patent No. 4,513,737 ("Mabuchi"), issued on April 30, 1985. Mabuchi discloses a hand-held treatment device in which a motor drives a rotating disc carrying a crankshaft, which in turn drives an actuator in reciprocating motion. Mabuchi further discloses interchangeable treatment heads and several releasable mechanisms for coupling a treatment head to the reciprocating actuator, including spring-and-pawl arrangements and a magnetic connection. Mabuchi is relevant at least to the motor-driven reciprocating mechanism, eccentric crank arrangement, interchangeable treatment head, and releasable head-connection limitations of the '082 Patent. *See* **Exhibit D**.

39. Harris, U.S. Patent No. 6,432,072 B1 ("Harris"), issued on August 13, 2002. Harris discloses a hand-held percussive massager in which an electric rotary motor drives eccentric components to generate reciprocating percussion. Harris further discloses percussion massage nodes that may be replaced with nodes of different sizes or shapes. Harris is relevant at least to known motor-driven percussive mechanisms and replaceable treatment heads. *See* **Exhibit E**.

40. Pivaroff, U.S. Patent No. 6,682,496 B1 ("Pivaroff"), issued on January 27, 2004. Pivaroff discloses a hand-held deep-muscle stimulation device in which an electric motor drives an offset cam and eccentric finger connected to a reciprocating link and rod, thereby converting rotary motion into reciprocating motion of a treatment head. Pivaroff further discloses operating speeds of approximately 2,000 to 3,600 RPM and a reciprocating stroke of approximately one-


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

eighth to one-half inch. Pivaroff is relevant at least to the motor, eccentric-drive, reciprocating-member, and predetermined-stroke limitations of the ’082 Patent. *See* **Exhibit F**.

41. Colloca, U.S. Patent Application Publication No. 2007/0150004 A1 (“Colloca”), published June 28, 2007. Colloca discloses a hand-held electromechanical treatment instrument having a movable thrust nose piece configured to accept interchangeable impact heads. The thrust nose piece includes a bore adapted to receive an impact head, and Colloca further discloses an impact coupler formed of a soft material, such as an O-ring, that forms a press fit with the thrust nose piece. Colloca is relevant at least to interchangeable treatment heads and known press-fit or interference-fit head-retention structures. *See* **Exhibit G**.

42. Before the earliest asserted priority date of the ’082 Patent, the prior art thus disclosed hand-held percussive or reciprocating treatment devices employing electric motors and eccentric drive mechanisms, interchangeable treatment heads, releasable head connections, and press-fit attachment structures.

43. The Patent Trial and Appeal Board previously considered certain obviousness challenges involving Mabuchi, Colloca, Harris, Pivaroff, and other prior art in PGR2025-00013. In doing so, the Board applied the narrower construction of the Quick-Connect Limitation described above and determined, among other things, that Mabuchi did not disclose structures specially designed and adapted for insertion or removal of the massaging head while the piston reciprocates. *See* Ex. C at 27–31.

44. Plaintiff pleads its invalidity allegations in the alternative. To the extent Hyperice contends that the Quick-Connect Limitation is broad enough to encompass the Accused Products’ conventional friction-fit interface, that interpretation materially broadens the scope of the asserted claims relative to the construction adopted by the Board.



Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

45. To the extent Hyperice contends that the Quick-Connect Limitation encompasses a massaging-head connection that relies on an elastic ring, radial interference, friction, or another conventional mechanical retention structure not specially designed or adapted for insertion or removal during reciprocation, that broader interpretation materially reduces the differences between the asserted claims and the prior art identified above. Under such an interpretation, a person of ordinary skill in the art would have had reason to apply known interchangeable and press-fit head-connection structures to known reciprocating treatment devices using conventional mechanical-design techniques.

46. Accordingly, to the extent the asserted claims are construed broadly enough to encompass the Accused Products' friction-fit massaging-head interface, one or more claims of the '082 Patent, including claim 7 and the limitations of claim 1 incorporated therein, are invalid as obvious under 35 U.S.C. § 103.

47. Plaintiff's identification of prior art and invalidity theories in this Complaint is preliminary and is not intended to substitute for or limit the invalidity contentions Plaintiff may serve pursuant to the Federal Rules of Civil Procedure, any scheduling order, and any applicable Local Patent Rules. Plaintiff reserves the right to rely on additional prior art, combinations, and grounds of invalidity as permitted by the Court.

48. Plaintiff is entitled to a judicial declaration that one or more claims of the '082 Patent, including claim 7, are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:


Glacier Law LLP
506 Second Avenue, Suite 1516
Seattle, WA 98104
+1 (212)729-5049

A. Declaring that Plaintiff's sale and offer for sale of the Accused Products do not infringe any presently enforceable claim of U.S. Patent No. 11,938,082, either literally or under the doctrine of equivalents;

B. Declaring that one or more claims of U.S. Patent No. 11,938,082, including claim 7, are invalid;

C. Awarding Plaintiff its costs of suit as permitted by law;

D. Awarding Plaintiff reasonable attorneys' fees under 35 U.S.C. § 285 if the facts developed in this action establish that this is an exceptional case; and

E. Granting such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: September 30, 2026

By: /s/ Ruoting Men

Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

Tao Liu, Esq. (pro hac vice pending)
Dandan Pan, Esq. (pro hac vice pending)
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Tao.liu@glacier.law
Dandan.pan@glacier.law
***Counsel for Plaintiff***